UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-126-S

**UNITED STATES**
**RUTHER**                                                                                                                        **PLAINTIFFS**

v.

**BARRY GASH**
**SCOTT COX**                                                                                                                  **DEFENDANTS**

## MEMORANDUM OPINION

      L. Ruther initiated this *pro se* action by filing a handwritten complaint listing the United States as Plaintiff and Barry Gash and Scott Cox as Defendants. In the caption, he writes, "Crime," and, in the body of his filing, he seeks an order for "crime warrant at Cox, Gash, Grand Jury Trial." The filing is difficult to follow, but it appears that Plaintiff alleges that Gash "destroy[ed] asset records" and that Cox and Gash stole money, committed fraud, and committed a RICO violation.

      In response to a deficiency notice, Plaintiff filed his complaint on a court-supplied form. Therein, he lists himself and the United States as Plaintiffs and Gash as Defendant. He alleges a breach of contract, the stealing of assets, a conspiracy, fraud and a "RICO [] crime." As relief, Plaintiff requests that the United States charge Gash and Cox with a crime(s) and perform a grand jury trial; that the United States pay money and punitive damages; and that the Court stop some sort of trial.

      Because Plaintiff Ruther is proceeding *in forma pauperis*, this matter is before the Court for preliminary screening of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A reading of the complaint reveals that Plaintiff Ruther primarily seeks prosecution of Defendants Gash and Cox.  However, "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, 99 F. App'x. 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts.").  As "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973), Plaintiff's criminal complaint must be dismissed.

Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007)); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (explaining that a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted)).  The Court concludes that Plaintiff's complaint fails to give Defendants fair notice of any civil claim(s) against them and must be dismissed for this reason as well.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:      Plaintiff, *pro se*
4411.005